## BOYD ET AL. *v.* SCHOTT ET AL.

[No. 3,956.   Filed May 2, 1902.]

TRIAL.—*Verdict.*—*Special Findings.*—*Conflict.*—*Gas and Oil Lease.*—*Release.*—*Reformation.*—In an action to quiet title to a certain gas and oil lease, and recover possession of the leased premises, the lessor filed a cross-complaint to quiet his title to a portion of the land, and to reform a written release of a portion of the leased premises. The special findings showed that a release of the land, "except twenty acres in the southeast corner thereof," was prepared and agreed to by the parties; that thereafter they went to the recorder's office and the recorder entered upon the margin of the record of the lease, a release thereof, "except ten acres around each of two wells," and the parties expressed themselves as satisfied with the release as written. *Held,* that the special findings are not in irreconcilable conflict with a general verdict granting the reformation of the lease, there being no special finding upon the issue of lessor's right to have the release reformed.

From Wells Circuit Court; *J. W. Headington,* Special Judge.

Suit by Absalom W. Boyd and others against Peter Schott and others to quiet title to a gas and oil lease and recover possession thereof. From a judgment for defendants on cross-complaint, plaintiffs appeal. *Affirmed.*

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellants.
*A. N. Martin* and *W. H. Eichhorn,* for appellees.

HENLEY, J.—Appellants commenced this action against appellees by complaint in two paragraphs. The first paragraph seeks to quiet the title of appellants in and to a certain gas and oil lease; the second seeks to recover possession of the leased premises from appellees. Appellee Peter Schott filed a cross-complaint to quiet his alleged title to the north half of the east twenty acres of the south half of the southeast quarter of section nineteen, in township twenty-five north, range thirteen east, in Wells county, Indiana, which description includes a portion of the lands embraced in the plaintiff's complaint, and encircles an oil-well that is also

in controversy between the appellants and appellees.   He afterwards filed a second paragraph of cross-complaint, asking that a written release therein set out be reformed, and that his title to all of the south half of the southeast quarter of section nineteen, township twenty-five north, range thirteen east, in Wells county, Indiana, except the south twenty acres of the east forty of said tract, be quieted against appellants.   Upon a trial of the issues the jury returned a verdict for appellees, and that Peter Schott was entitled to a reformation of the written release set out in his cross-complaint, and to have his title quieted to the land described in his said cross-complaint.   The court rendered judgment accordingly.   With the general verdict the jury found facts by way of answers to interrogatories, and it is insisted by counsel for appellants that the facts so found are wholly irreconcilable with the general verdict.

The facts so found are substantially as follows:   The jury in their answers to interrogatories find that on September 20, 1892, Peter Schott owned eighty acres of real estate in Wells county, Indiana, which included the premises in controversy; that on said day he executed to appellant Boyd an oil and gas lease covering the entire eighty acre tract, which was recorded in the recorder's office of said county; that on the 10th day of August, 1893, said Boyd assigned and transferred to his co-appellants, Walker, Melvin, and Davis, an undivided three-fourths interest in his lease, which was acknowledged and entered of record in the recorder's office of Wells county; that the plaintiffs, by virtue of said lease and assignment, took actual possession of the real estate described in the lease, for the purpose of drilling and constructing wells for the production of oil and gas; that they constructed and completed well No. 1 on the real estate described in the lease, on the 6th day of March, 1893; that on or about the last day of October, 1893, they constructed and completed well No. 2 on said real estate, and in November, 1894, they constructed

and completed well No. 3 thereon; that they furnished and equipped wells No. 1, 2, and 3, for the production of oil; that each of said wells produced oil for the market; that after the completion of well No. 1, plaintiffs and defendant Peter Schott signed a division order directing the pipe-line company to deliver to said Schott the one-sixth of the oil produced from the wells constructed on said lease, and to plaintiffs the remaining five-sixths thereof; that said Schott has received his one-sixth of the production of said wells numbered one and two ever since they were completed and equipped; that well No. 1 was constructed at a point thirty-seven and eight-hundredths rods north, and twelve and six-tenths rods west of the southeast corner of the south half of the southeast quarter of section nineteen, in township twenty-five north, range thirteen east, in Wells county, Indiana; that well No. 2 was constructed at a point fifty-three and six-tenths rods west, and eighteen and sixty-eight-two-hundredths rods north, of the southwest corner of said tract; that wells numbered one and two are now producing oil for the market, and Peter Schott is now receiving his one-sixth part thereof; that said wells have been operated and pumped ever since they were constructed, and plaintiffs are still operating and pumping the same; that plaintiff Boyd, on the 11th day of May, 1895, for himself and his co-plaintiffs, executed and delivered to defendant Peter Schott a release of said oil and gas lease from said Schott to said Boyd for all the real estate described therein, except twenty acres in the southeast corner thereof; that said Schott, as a consideration for said release and for the purchase of oil-well No. 3, paid to said Boyd, for plaintiffs, $140 in cash, and executed his note to them for $300, which he afterwards paid; that said Boyd read said release twice in the presence and hearing of Peter Schott and John Schott, on the 11th day of May, 1895, before it was delivered to Peter Schott; that John Schott also read it over in the presence of Peter Schott and Boyd,

Boyd *v.* Schott.

before it was accepted; that Peter Schott, at the time, heard plaintiff Boyd read the clause, "And we, the said firm, also hereby release to the said Peter Schott all of the above described tract, except twenty acres in the southeast corner of said tract, on which is located oil-wells numbered one and two;" that said Boyd and Peter Schott, on the 11th day of May, or shortly thereafter, agreed and arranged that at some time in the future they would go to Bluffton, and place a release on the records where said lease was recorded; that plaintiff Boyd, on the 16th of May, 1895, at the request of Peter Schott, and in accordance with said agreement, and in company with the latter, went to the recorder's office for the purpose of entering said release of record; that Jessie Martz, the deputy recorder of Wells county, at the request of said Boyd, and in the presence of Peter Schott, entered on the margin of the record, where said lease was recorded, a release thereof, except ten acres around each of two wells, numbered one and two, then situated on the real estate described in the lease; that said Martz, after the release was written on the margin of the record, read the same to said Boyd and Schott; that, after the release had been read over to said Schott, he stated to Jessie Martz and said Boyd that he was satisfied with the release as written; that Boyd then signed the same in the presence of said Schott, and Miss Martz wrote thereon, "Attest: W. F. Guoynes;" that the release so written was in the words and figures: "May 16, 1895, this lease is hereby released by consent of all parties concerned, except ten acres around each of two wells now drilled on said premises;" that plaintiffs owned said wells, numbered one and two, at the time of the execution of the release, on the 16th of May, 1895; that defendants, Peter Schott and John Schott, about the 4th day of October, 1895, constructed and completed a well on the south half of the southeast quarter of section nineteen, in township twenty-five north, range thirteen east, in Wells county; that the last named well was located, con-

structed and completed by them at a point fifty-three and twenty-eight-hundredths rods north, and thirty-eight and forty-hundredths rods west, of the southeast corner of said section nineteen, in township twenty-five north, range thirteen east, in Wells county, Indiana; also that the plaintiff Boyd notified Peter Schott and John Schott, before said well was completed, that they were encroaching upon the premises of the plaintiffs, and that they should remove therefrom, and not complete said well.

The above diagram represents the south half of the southeast one-quarter of section nineteen, township twenty-five north, range thirteen east, in Wells county, Indiana. The ten acre tracts surrounding wells numbered one and two would cover the south half of the east forty acre tract, and would correspond with the tract which appellees contend was the tract reserved by appellants in the release of May

11, 1895, and which tract was, by mutual mistake of the parties, erroneously described.

Appellant's contention is that the release and reservation, as written upon the margin of the record where the release was recorded, is controlling, and that the reserved tracts, under this reservation, would necessarily be laid out as the following diagram shows:

In this way making the wells one and two each the center of ten acre tracts. If this was done, the well in dispute would be upon the reserved territory, and appellants' contention would prevail. Wells numbered one and two and the disputed well would also all be included in a twenty acre

reservation in a square form in the southeast corner of the tract, as the following diagram will show, viz.:

Appellees' second paragraph of cross-complaint to reform the contract squarely presented the issue. The general verdict found every material fact necessary to a recovery upon every issue presented, and as no facts are found by the interrogatories and answers upon the issue presented by appellees' cross-complaint seeking to reform the contract, there could be no conflict between the general verdict and the facts specially found upon this particular issue. The general verdict must therefore stand.

The questions arising under the motion for a new trial, which counsel for appellant have ably and earnestly argued, will now be considered. The evidence is conflicting. It justified the verdict of the jury. The instructions given by the court, taken together, fairly stated the law applicable to the issues and evidence. The record presents no available error.

Judgment affirmed.